In the Matter of the Claim of AGNES ROTH, Respondent, against RAILWAY EXPRESS AGENCY, INC., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer from a decision of the Workmen's Compensation Board in favor of deceased employee. The basis of the appeal

is that the injuries and death of decedent did not arise out of and in the course of his employment and that he violated rules, signs, orders and instructions of employer. The decedent on August 19, 1954, was employed as a truck driver and delivery man by his employer, Railway Express Agency, Inc., at the Sunnyside yards of the Pennsylvania Railroad, Long Island, City of New York. The terminal was approximately 40 feet below street level. It was reached by a ramp on the north side of the building. Six sets of railroad tracks ran east and west into the terminal of appellant ending at the east side thereof and surrounded by an oval-shaped platform. Ordinarily the working hours were from 10:00 A.M. to 7:00 P.M. but it was undisputed on the day in question that decedent worked two hours overtime and, when electrocuted, still had his settlement papers in his possession. The record disclosed that the decedent actually checked out by punching the time clock at 9:12 P.M. but it is apparent from reading the record that he had not completed his duties at the time of his death at approximately 9:45 P.M. as he was required under the rules and regulations to leave his settlement papers at a prescribed place before completing his duties of the day. The board therefore had substantial evidence to find that his death arose out of his employment. The appellant further contends that the accident did not arise in the course of his employment in that he violated certain rules and signs of his employer and that at the time of his death he was not upon its property, it being undisputed that the railroad tracks were the property of the Pennsylvania Railroad Company. Richard McDonough, inspector of vehicles for the appellant, stated that he saw decedent in a small office where he was preparing his sheets and he testified in part as follows: "It was getting late and he should have been on his way out of there. It's my job to see that they get out as fast as they can, and he was the last man, and I went looking for him." Shortly after the decedent was found on the tracks, apparently having come in contact with the third rail and died from electrocution. It was an unwitnessed accident. According to the testimony, from that office (mentioned by McDonough) to the cashier's office by way of the tracks was 150–175 feet, while by way of the platform it was approximately 2,500 feet. There was testimony, which in turn was contradicted, with reference to certain signs, instructions and orders of the appellant requesting the employees not to cross the tracks and there was evidence that various employees on occasions continued the practice of taking the so-called "short-cuts". All of the testimony in the record concerning the question of signs, the violation thereof, the place where the decedent was killed and other issues raised by the appellant were questions of fact for the sole determination of the board and, although seriously disputed, there was substantial evidence to sustain such findings. Decision and award affirmed, with costs to be divided between the Workmen's Compensation Board and claimant-respondent. Foster, P. J., Gibson, Herlihy and Reynolds, JJ., concur.